**KRONENBERGER BURGOYNE, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone:  (415) 955-1155
Facsimile:   (415) 955-1158
Karl@KBInternetLaw.com
Jeff@KBInternetLaw.com

Attorneys for Defendants for In Deep Services, Inc., Ryan Champion, and Joseph C. Fleming, IV

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>IN DEEP SERVICES, INC., *et al.*<br><br>Defendants. | Case No. 5:09-cv-01193-SGL<br><br>**DEFENDANTS' <u>EMERGENCY</u> MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER; DECLARATION OF KARL S. KRONENBERGER IN SUPPORT OF MOTION** |

**TO EACH PARTY AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 65(b)(4), as soon as the matter may be heard in the above-titled Court, located in Courtroom No. One of the United States District Court for the Central District of California, located at 3470 Twelfth Street, Riverside, CA 92501, Defendants, In Deep Services, Inc., Ryan Champion, and Joseph C. Fleming, IV (Collectively, "Defendants") will move the Court, on an emergency ex parte basis, to dissolve the temporary restraining order entered by the Court on June 23, 2009 (the "TRO").

This Motion is made on the ground that the Collot Guerard, counsel to the Federal Trade Commission ("FTC"), misrepresented to the Court that Defendants did not intend to oppose the FTC's request for a temporary restraining order. On multiple occasions on June 22, 2009, counsel for Defendants told Guerard that the proposed TRO was unacceptable to their clients and that some provisions were "deal breakers." Moreover, counsel for Defendants' informed Guerard of their availability to attend a hearing for the express purpose of opposing the FTC's application for the TRO, and the scope of briefing that Defendants intended to file.

Notwithstanding Defendants' multiple representations to Guerard, Guerard failed to inform the Court that Defendants intended to oppose the FTC's application for the TRO. Moreover, Guerard failed to inform the Court of the hearing dates and times that Defendants' counsel had proposed for a hearing on the proposed TRO. Moreover, Guerard's affidavit of her efforts to communicate with Defendants' counsel wholly misrepresents the scope of their conversations, which as described above, included in depth discussions about the unacceptability of the TRO to the Defendants and how the Defendants intended to brief their opposition to the application for a TRO.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1   Additionally, Guerard failed to provide Defendants with the required 24
2   hours notice from the time of service before presenting the Application to the
3   Court. Moreover, Guerard failed to advise the Court that Defendants'
4   counsel requested to be present when the Application was presented to the
5   Court, as required under Local Rule 7-19.1.

6   Guerard's misrepresentations to the Court constitute a violation of her
7   ethical duties as an officer of the Court, and she has also violated
8   Defendants' Constitutional right to Due Process. Guerard's misconduct also
9   violates this Court's Local Rules regarding ex parte procedures, and Judge
10  Larson's Standing Order regarding the same.

11  Enforcement of the TRO will have a devastating effect on In Deep
12  Services, Inc.'s unrelated, lawful business lines, and In Deep Services, Inc.'s
13  thirty employees. Under the terms of the TRO, In Deep Services, Inc.'s is
14  unable to pay its employees or continue its unrelated, lawful business lines.

15  This motion is based on this Notice of Motion and Motion and the
16  Declaration of Karl S. Kronenberger in Support of the Motion.09

18  DATED: June 23, 2009         KRONENBERGER BURGOYNE, LLP

21  By:  s/ Karl S. Kronenberger
22        Karl S. Kronenberger

23  Attorneys for Defendants In Deep
24  Services, Inc., Ryan Champion, and
    Joseph C. Fleming, IV

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

Case No. 5:09-cv-01193-SGL        2        **DEFENDANTS' EMERGENCY MTN TO DISSOLVE TRO; KRONENBERGER DECL.**

# DECLARATION OF KARL S. KRONENBERGER IN SUPPORT OF EMERGENCY EX PARTE MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER

1. I am an attorney admitted to practice in the State of California and before this Court. I am a partner at the law firm of Kronenberger Burgoyne, LLP, counsel for Defendants In Deep Services, Inc., Ryan Champion, and Joseph C. Fleming, IV. Unless otherwise stated, I have personal knowledge of the facts stated herein.

2. On June 22, 2009, Collot Guerard, an attorney with the Federal Trade Commission (the "FTC") and not a member of the California bar, called our firm's client, In Deep Services, Inc., and left a message in its general voicemail. The message asked for someone to return her call. In less than two hours, I contacted Ms. Guerard by phone.

3. Ms. Guerard informed me that she, on behalf of the FTC, was planning to file a complaint and an application for a temporary restraining ("TRO") order against my client and the two principals of my client. She read me the section headings for the TRO, and we generally discussed the TRO's content.

4. While we did discuss potentially stipulating to the TRO, there was one point in the discussion that I explained that provisions of TRO were "deal-breakers" for my client. We talked for several minutes about why the TRO would not be acceptable to my client. I informed Ms. Guerard that we would be opposing the TRO if we did not reach a stipulation, but that our briefing would obviously not be as substantial as the FTC briefing, due to the time constraints.

5. We then discussed my availability for potential hearing dates for the application for TRO, which I provided to her.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

Case No. 5:09-cv-01193-SGL    3    DEFENDANTS' EMERGENCY MTN TO DISSOLVE TRO; KRONENBERGER DECL.

6. On June 23, 2009 at 9:15 a.m. I again spoke to Ms. Guerard, at which time I again clarified dates of my availability for a hearing on the TRO if the parties would not be able to work out a stipulation.

7. On June 23, 2009 at 1:48 p.m. Ms. Guerard called me and informed me that the Court had signed the proposed TRO, despite the fact that she knew that my clients would be opposing the TRO. I asked whether Ms. Guerard would enter a joint stipulation to lift the TRO, until such time as we have been able to oppose the TRO, and she refused.

8. After the entry of the TRO, I specifically asked Ms. Guerard whether she had informed the Court of Defendants' positions and/or their intent to oppose the TRO. Ms. Guerard stated that she had not informed the Court of these facts.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed this 23rd day of June of 2009 at San Francisco, California.

                                                      s/ Karl S. Kronenberger
                                                     Karl S. Kronenberger

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

Case No. 5:09-cv-01193-SGL      4      **DEFENDANTS' EMERGENCY MTN TO DISSOLVE TRO; KRONENBERGER DECL.**