1  COLLOT GUERARD
   cguerard@ftc.gov
2  STEPHEN GURWITZ
   sgurwitz@ftc.gov
3  RUTH YODAIKEN
   ryodaiken@ftc.gov
4  Federal Trade Commission
   600 Pennsylvania Avenue, NW, Room 288
5  Washington, DC 20580
   202-326-3338 (Guerard)
6  202-326-3272 (Gurwitz)
   202-326-2127 (Yodaiken)
7  202-326-3395 (facsimile)

8  Local Counsel
   BARBARA CHUN
9  CA Bar No. 186907
   Federal Trade Commission
10 10877 Wilshire Boulevard, Suite 700
   Los Angeles, CA 90024
11 310-824-4312 (Ms. Chun)
   310-824-4380 (facsimile)

12

13
### UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF CALIFORNIA

14

15 | **FEDERAL TRADE COMMISSION,** | **ED CV 09-01193 SGL (PJWx)** |
|---|---|
| **Plaintiff,** | |
| **v.** | |
| **IN DEEP SERVICES, INC.,** | **STIPULATED PRELIMINARY INJUNCTION ORDER** |
| **Defendants.** | |

16

17

18

19

20      On June 23, 2009, Plaintiff, the Federal Trade Commission ("FTC"), filed its

21  Complaint for Injunction and Other Equitable Relief pursuant to Section 13(b) of

22  the Federal Trade Commission Act, 15 U.S.C. §§ 53(b) alleging that Defendants In

23  Deep Services, Inc., Inc, Ryan Champion individually and as an officer of In Deep

24  Services, Inc., and Joseph Fleming IV individually and as an officer of In Deep

25  Services, Inc. violated Section 5(a) of the Federal Trade Commission Act ("FTC

26

27

28  *FTC v. In Deep Services, Inc., et al.*
    Stipulated Preliminary Injunction

1   Act"), 15 U.S.C. § 45(a) and Section 907(a) of the Electronic Fund Transfer Act,

2   15 U.S.C. § 1693e(a).

3       Simultaneously with its Complaint, the FTC filed a noticed *ex parte* Application

4   for a Temporary Restraining Order ("TRO") and supporting documents.  The FTC

5   provided adequate notice to Defendants of the FTC's Complaint, Application for a

6   TRO, and supporting documents.

7       On June 23, 2009, the Court signed the TRO.  The FTC served the signed TRO

8   on Defendants' counsel and Defendants' counsel agreed to notify the Defendants

9   of, and send to the Defendants, the signed TRO.  Defendants received the signed

10  TRO in the afternoon of June 23, 2009.

11      The FTC and Defendants have agreed to the following Stipulated Preliminary

12  Injunction.

### FINDINGS OF FACT

14      It appears to the satisfaction of the Court that:

15      1.  Defendants In Deep Services, Inc., Ryan Champion, and Joseph Fleming

16          were properly served with the Summons, Complaint, Temporary

17          Restraining Order and all other papers filed in this case;

18      2.  This Court has jurisdiction over the subject matter of this case, and there

19          is good cause to believe it will have jurisdiction over all parties hereto

20          and that venue in this district is proper;

21      3.  Weighing the equities and considering Plaintiff's likelihood of ultimate

22          success on the merits, a Preliminary Injunction Order with asset freeze

23          and other equitable relief is in the public interest;

24      4.  There is good cause to believe that Defendants IDS., also d/b/a Grants

25          For You Now, Grant One Day, and Easy Grant Access, Ryan Champion,

26          and Joseph C. Fleming IV, have engaged in and are likely to engage in

27

28  *FTC v. In Deep Services, Inc., et al.*
    Stipulated Preliminary Injunction

1    acts and practices that violate Section 5(a) of the Federal Trade

2    Commission Act, 15 U.S.C. § 45(a), and the Electronic Fund Transfer

3    Act, 15 U.S.C. §§ 1693, *et seq.*;  and

4    5.  The Commission is an independent agency of the United States of

5    America.  No security is required of any agency of the United States for

6    the issuance of a preliminary injunction order.  Fed. R. Civ. P.  65(c).

7                                          **ORDER**

8                                      **DEFINITIONS**

9    For the purpose of this Temporary Restraining Order ("Order"), the following

10   definitions shall apply:

11   1.  "**Asset**" means any legal or equitable interest in, right to, or claim to, any

12   real and personal property, including, but not limited to, "goods," "instruments,"

13   "equipment," "fixtures," "general intangibles," "inventory," "checks," "notes" (as

14   these terms are defined in the Uniform Commercial Code), and all chattel,

15   leaseholds, contracts, mail or other deliveries, shares of stock, lists of consumer

16   names, accounts, credits, premises, receivables, funds, reserve funds or other

17   accounts held or controlled by credit card or payment processors or held at any

18   bank on behalf of any credit card or payment processor that processed credit and

19   debit card charges for Defendants, or reserve funds or other accounts at any

20   merchant bank or acquiring bank, that are in any way associated with the

21   processing of credit or debit cards or other payments on behalf of Defendants,  and

22   cash, wherever located.

23   2.  "**Assisting others**" includes knowingly providing any of the following

24   goods or services to another entity: (1) performing customer service functions,

25   including, but not limited to, receiving or responding to consumer complaints; (2)

26   formulating or providing, or arranging for the formulation or provision of, any

27

28   *FTC v. In Deep Services, Inc., et al.*
     Stipulated Preliminary Injunction

1  promotional material; (3) providing names of, or assisting in the generation of,

2  potential customers; (4) performing promotional or marketing services of any kind;

3  (5) hosting of websites; or (6) processing credit and debit card payments.

4     3.  "**Corporate Defendant**" means In Deep Services, Inc., also d/b/a Grants For

5  You Now, Grant One Day, and Easy Grant Access (hereinafter "IDS").

6     4.  "**Defendants"** means IDS, Ryan Champion, and Joseph C. Fleming IV.

7     5.  **"Document"** is synonymous in meaning and equal in scope to the usage of

8  the term in Federal Rule of Civil Procedure 34(a), and includes writings, drawings,

9  graphs, charts, Internet sites, Webpages, Websites, electronic correspondence,

10  including e-mail and instant messages, photographs, audio and video recordings,

11  contracts, accounting data, advertisements (including, but not limited to,

12  advertisements placed on the World Wide Web), FTP Logs, Server Access Logs,

13  USENET Newsgroup postings, World Wide Web pages, books, written or printed

14  records, handwritten notes, telephone logs, telephone scripts, receipt books,

15  ledgers, personal and business canceled checks and check registers, bank

16  statements, appointment books, computer records, and other data compilations

17  from which information can be obtained and translated.  A draft or non-identical

18  copy is a separate document within the meaning of the term.

19     6.  **"Individual Defendants"** means Ryan Champion and Joseph C. Fleming

20  IV.

21     7.  "**Plaintiff**" or **"Commission"** or **"FTC"** means the Federal Trade

22  Commission.

23     8.  "**Preauthorized Electronic Fund Transfer**" means an electronic fund

24  transfer authorized in advance to recur at substantially regular intervals. 15 U.S.C.

25  § 1693(a)9.

26                    **I.**

27

28  *FTC v. In Deep Services, Inc., et al.*
    Stipulated Preliminary Injunction

## PROHIBITED BUSINESS ACTIVITIES

**IT IS THEREFORE ORDERED** that, in connection with the advertising, marketing, promotion, offering for sale, or sale of government grant-related information services, programs or products, Defendants and their successors, assigns, officers, agents, servants, employees, and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate or other device, are **hereby preliminarily restrained and enjoined** from:

**A.** Directly or indirectly misrepresenting, expressly or by implication, or from assisting others who are misrepresenting, any consumer's eligibility to receive, or the likelihood of receiving, a government grant;

**B.** Directly or indirectly misrepresenting, expressly or by implication, or from assisting others who are misrepresenting, any other fact material to a consumer's decision to purchase Defendants' grant-related information services, programs or products;

**C**. Making any representation concerning government grants without relying on a reasonable basis that substantiates the representation at the time the representation was made;

**D.** Failing to disclose, or to disclose in a clear and conspicuous manner likely to be seen and understood by a reasonable consumer, all applicable material terms regarding any grant-related services, programs, or products, including, but not limited to: (I) that consumers are signing up for a membership program with a trial period; (ii) the number of days of the trial period of the membership program; (iii) that Defendants will charge additional fees to consumers who fail to cancel the membership during the trial period; (iv) the

*FTC v. In Deep Services, Inc., et al.*
Stipulated Preliminary Injunction

1    manner and means a consumer can use to cancel the membership during the

2    trial period; (v) the fees that Defendants impose on consumers who do not

3    cancel within the trial period; (vi) that consumers may be charged by a third

4    party for additional products and services; and (vii) the amount consumers

5    may be charged by a third party for additional products and services;

6  **E.** Failing to disclose, or to disclose in a clear and conspicuous manner likely to

7    be seen and understood by a reasonable consumer, all applicable material

8    terms regarding any refund policy for Defendants' grant-related services,

9    programs or products, including, but not limited to: (i) any non-refundable

10    amounts; (ii) the time period from the date of their order before consumers

11    can apply for a refund; (iii) the manner and means a consumer can use to

12    apply for a refund; (iv) the content of the refund request; and (v) the

13    consequences for contesting Defendants' charges or debits, including that

14    consumers may be referred by Defendants to criminal authorities for theft of

15    service;

16  **F.** Charging the credit or debit card, or debiting the bank account, of any

17    consumer who has been enrolled in any of Defendants' grant-related

18    membership programs;

19  **G.** Engaging in any recurring debiting of a consumer's account without first

20    obtaining a valid written pre-authorization for Preauthorized Electronic Fund

21    Transfers from the consumer's account, which pre-authorization is clear and

22    readily understandable, identifiable as a pre-authorization, and reflects the

23    consumer's assent, as required by Section 907(a) of EFTA, 15 U.S.C.

24    § 1693e(a) and Section 205.10(b) of Regulation E, as more fully set out in

25    Section 205.10 of the Federal Reserve Board's Official Staff Commentary to

26    Regulation E, 12 C.F.R. § 205.10(b) (5) and (6), Supp. I;

27

28  *FTC v. In Deep Services, Inc., et al.*
    Stipulated Preliminary Injunction

**H.** Engaging in any recurring debiting of a consumer's account without first
providing a copy of a valid written pre-authorization to the consumer for
Preauthorized Electronic Fund Transfers from the consumer's account,
which copy is clear and readily understandable, identifiable as a pre-
authorization, and reflects the consumer's assent, as required by Section
907(a) of EFTA, 15 U.S.C. § 1693e(a) and Section 205.10(b) of Regulation
E, as more fully set out in Section 205.10 of the Federal Reserve Board's
Official Staff Commentary to Regulation E, 12 C.F.R. § 205.10(b)(5) and
(6), Supp.I; and

**I.** Failing to maintain procedures reasonably adapted to avoid an unintentional
failure to obtain a written authorization for Preauthorized Electronic Fund
Transfers, as required in Section 205.10(b)(7) of the Federal Reserve
Board's Official Staff Commentary to Regulation E.

## II.

## FREEZE OF DEFENDANTS' ASSETS

**IT IS FURTHER ORDERED** that Defendants, and their successors, assigns, officers, agents, servants, employees, and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including any company that has processed credit and debit card transactions on behalf of Defendant, whether acting directly or through any entity, corporation, subsidiary, division, affiliate or other device, are **hereby preliminarily restrained and enjoined** from:

**A.** Transferring, converting, encumbering, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, perfecting a security interest in, or otherwise disposing of any funds, real or personal property, accounts,

*FTC v. In Deep Services, Inc., et al.*
Stipulated Preliminary Injunction

1 contracts, shares of stock, lists of consumer names, or other Assets, wherever

2 located, including outside the United States, that are:

3   **1.**   owned or controlled by, or in the actual or constructive possession of,

4           any Defendant;

5   **2.**   held on behalf of, or for the benefit of, directly or indirectly, any

6           Defendant, in whole or in part;

7   **3.**   held by an agent or service provider of any Defendant as a retainer or

8           a reserve fund for the agent's or service provider's provision of

9           services to Defendants; or

10  **4.**   owned or controlled by, or in the actual or constructive possession of

11          or otherwise held for the benefit of, any corporation, partnership, or

12          other entity directly or indirectly owned, managed, or controlled by

13          any Defendant, including, but not limited to, any Assets held by, for,

14          or subject to access by, any Defendant at any bank or savings and loan

15          institution, or with any broker-dealer, escrow agent, title company,

16          commodity trading company, precious metal dealer, credit card

17          processing company, merchant bank, acquiring bank, or other

18          financial institution or depository of any kind;

19 **B.** Opening or causing to be opened, unless accompanied by counsel for the

20    Commission, any safe deposit boxes titled in the name of any Defendant,

21    either individually or jointly, or subject to access by any Defendant;

22 **C.** Obtaining a personal or secured loan encumbering the Assets of any

23    Defendant;

24 **D.** Incurring liens or other encumbrances on real property, personal property, or

25    other Assets in the name, singly or jointly, of any Defendant or of any

26

27

28 *FTC v. In Deep Services, Inc., et al.*
Stipulated Preliminary Injunction

1  corporation, partnership, or other entity directly or indirectly owned,

2  managed, or controlled by any Defendant; or

3  E. Failing to disclose to Plaintiff, immediately upon service of this Order (if not

4  already disclosed pursuant to the TRO), information that fully identifies each

5  asset of Defendants, and each entity holding such asset, including, without

6  limitation, the entity's name, address, and telephone number, the number of

7  the account, and the name under which the account is held.

8  **IT IS FURTHER ORDERED** that the Assets affected by this Paragraph are

9  those that are (a) existing as of the date this Order was entered, or (b) acquired by

10  any Defendant following entry of this Order, if such assets are derived from any

11  activity covered by this Order.

12  **III.**

13  **FINANCIAL STATEMENTS**

14  **IT IS FURTHER ORDERED** that each Defendant, if they have not already

15  done so pursuant to the TRO, within forty-eight (48) hours after service of this

16  Order upon them, shall provide counsel for the Commission with completed

17  financial statements, verified under oath and accurate as of the date of their

18  verification under oath, on the forms attached to this Order as **Attachment A,** for

19  Ryan Champion and Joseph C. Fleming IV, and **Attachment B** for IDS.

20  **IV.**

21  **REPATRIATION OF ASSETS AND DOCUMENTS**

22  **IT IS FURTHER ORDERED** that Defendants and each of their successors,

23  assigns, officers, agents, servants, employees, and attorneys and those persons in

24  active concert or participation with them who receive actual notice of this Order by

25  personal service or otherwise, whether acting directly or through any entity,

26

27

28  *FTC v. In Deep Services, Inc., et al.*
Stipulated Preliminary Injunction

1  corporation, subsidiary, division, affiliate or other device, if they have not already

2  done so pursuant to the TRO, shall:

3     **A.** Within three (3) business days following the service of this Order, take such

4       steps as are necessary to transfer to the territory of the United States of

5       America all Documents and Assets that are located outside of such territory

6       and are held:

7       1. by each Defendant, individually or jointly;

8       2. held on their behalf, or for their benefit, directly or indirectly,

9         individually or jointly; or

10      3. under their direct or indirect control, individually, severally, or jointly;

11    **B.** Hold and retain all transferred Documents and Assets and prevent any

12      transfer, disposition, or dissipation whatsoever of any such Assets or funds;

13    **C.** Within three (3) business days of any repatriation under sub-paragraph A

14      above:

15      1. notify the FTC of the name and location of the financial institution or

16        other entity that is the recipient of such funds, Documents, or Assets; and

17      2. serve this Order on any such financial institution or other entity;

18      3. provide Plaintiff with a full accounting of all Documents and Assets that

19 are located outside of the territory of the United States of America and are held by

20 or for the benefit of any Defendant or are under any Defendant's direct or indirect

21 control, individually or jointly, and

22    **D.** Provide Plaintiff access to Defendants' records and Documents held by

23      financial institutions outside the territorial United States, by signing the

24      "Consent to Release of Financial Records," attached hereto as **Attachment**

25      **C**, *provided that* this Subparagraph D applies only to Defendants.

26                             **V.**

27

28 *FTC v. In Deep Services, Inc., et al.*
   Stipulated Preliminary Injunction

# NONINTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Defendants and their successors, assigns, officers, agents, servants, employees, and attorneys and those persons in active concert or participation who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate or other device, are hereby preliminarily restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign Assets, or in the hindrance of the repatriation required by Paragraph IV of this Order, including, but not limited to:

**A.** Sending any statement, letter, fax, email or wire transmission, or telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all Assets have been fully repatriated pursuant to Paragraph IV of this Order; or

**B.** Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a court order, until such time that all Assets have been fully repatriated pursuant to Paragraph IV of this Order.

## VI.

## DUTIES OF ASSET HOLDERS

**IT IS FURTHER ORDERED** that any financial or brokerage institution, credit card processing company, payment processor, merchant bank, acquiring bank, business entity, or person that is served with a copy of this Order that holds, controls, or maintains custody of any account containing Assets of any Defendant, or of any account containing the Assets of any credit card or payment processor

*FTC v. In Deep Services, Inc., et al.*
Stipulated Preliminary Injunction

1  that processed credit and debit card charges on behalf of Defendants, or has held,

2  controlled, or maintained custody of any such account or Asset at any time since

3  the date of entry of this Order shall:

4      **A.** Hold and retain within its control and prohibit the withdrawal, removal,

5          assignment, transfer, pledge, encumbrance, disbursement, dissipation,

6          conversion, sale, or other disposal of any such Asset except by further order

7          of this Court;

8      **B.** Deny all persons access to any safe deposit box that is:

9          **1.** titled in the name of any Defendant, either individually or jointly; or

10         **2.** otherwise subject to access by any Defendant;

11     **C.** Provide the FTC's counsel, within five (5) business days of receiving a copy

12         of this Order, a sworn statement setting forth:

13         **1.** the identification number of each account or Asset titled in the name,

14         individually or jointly, of any Defendant, or held on behalf of, or for the

15         benefit of, any Defendant;

16         **2.** the balance of each such account, or a description of the nature and value

17         of each such Asset as of the close of business on the day on which this

18         Order is served, and, if the account or other Asset has been closed or

19         removed, the date closed or removed, the total funds removed in order to

20         close the account, and the name of the person or entity to whom such

21         account or other Asset was remitted; and

22         **3.** the identification of any safe deposit box that is either titled in the name,

23         individually or jointly, of any Defendant, or is otherwise subject to access

24         by any Defendant; and

25     **D.** Upon the request of the FTC, promptly provide the FTC with copies of all

26         records or other documentation pertaining to such account or Asset,

27

28 *FTC v. In Deep Services, Inc., et al.*
Stipulated Preliminary Injunction

1   including, but not limited to, originals or copies of account applications,

2   account statements, signature cards, checks, drafts, deposit tickets, transfers

3   to and from the accounts, all other debit and credit instruments or slips,

4   currency transaction reports, 1099 forms, and safe deposit box logs.

5   ## VII.

6   ## CONSUMER CREDIT REPORTS

7   **IT IS FURTHER ORDERED** that pursuant to Section 604(1) of the Fair

8   Credit Reporting Act, 15 U.S.C. § 1681b(1), any consumer reporting agency

9   served with this Order shall promptly furnish consumer reports as requested

10  concerning Ryan Champion or Joseph C. Fleming IV to counsel for the FTC.

11  ## VIII.

12  ## IDENTIFICATION AND PRODUCTION OF DOCUMENTS AND DATA

13  **A. IT IS FURTHER ORDERED** that Defendants shall, if they have not

14  already done so pursuant to the TRO, within forty-eight (48) hours of service of

15  this Order, produce to Plaintiff at its offices located at 10877 Wilshire Boulevard,

16  Suite 700, Los Angeles, CA 90024, or other mutually agreeable location (which

17  shall include Defendants' business premises), for inventory and copying, all

18  correspondence, electronic mail, customer/membership data, financial and

19  accounting data including tax returns, and any other Documents, computer

20  equipment, and electronically-stored information in Defendants' possession,

21  custody, or control, which contains information about Defendants' services,

22  programs, products, and Assets.  Plaintiff shall return the Documents and computer

23  equipment to Defendants within five (5) business days of completing said

24  inventory and copying;

25  **B. IT IS FURTHER ORDERED** that, to the extent they have possession,

26  custody, or control of Documents described above, and to the extent that they have

27

28  *FTC v. In Deep Services, Inc., et al.*
Stipulated Preliminary Injunction

1 not already done so pursuant to the TRO, Defendants shall produce the Documents

2 as they are kept in the usual course of business.  Defendants, to the extent they

3 have possession, custody, or control of computer equipment or electronically-

4 stored information described above, shall provide Plaintiff with any necessary

5 means of access to the computer equipment or electronically-stored information,

6 including, but not limited to, computer access codes and passwords; and

7    **C**. **IT IS FURTHER ORDERED** that, Defendants shall, if they have not

8 already done so pursuant to the TRO, within twenty-four (24) hours of service of

9 this Order, complete and serve on counsel for the FTC the FTC's Electronically

10 Stored Information Statement, attached hereto as **Attachment D**.

11                                                    **IX.**

12                        **PRESERVATION OF EXISTING RECORDS**

13    **IT IS FURTHER ORDERED** that Defendants, and their successors, assigns,

14 officers, agents, servants, employees, attorneys and those persons in active concert

15 or participation with them who receive actual notice of this Order by personal

16 service or otherwise, whether acting directly or through any entity, corporation,

17 subsidiary, division, affiliate or other device, are hereby temporarily restrained and

18 enjoined from destroying, erasing, mutilating, concealing, altering, transferring, or

19 otherwise disposing of, in any manner, directly or indirectly, any Documents,

20 including any contracts, accounting data, correspondence, email, advertisements,

21 computer tapes, discs, or other computerized storage media, books, written or

22 printed records, handwritten notes, telephone logs, telephone scripts, recordings,

23 receipt books, ledgers, personal and business cancelled checks and check registers,

24 bank statements, appointment books, copies of federal, state or local business or

25 personal income or property tax returns, and other Documents or records of any

26

27

28 *FTC v. In Deep Services, Inc., et al.*
Stipulated Preliminary Injunction

1  kind that relate to any Defendant's services, programs or products, or to the

2  finances and Assets of any Defendant.

## X.

## MAINTENANCE OF BUSINESS RECORDS

**IT IS FURTHER ORDERED** that Defendants, and each of their successors, assigns, members, officers, agents, servants, employees, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate or other device, are hereby temporarily restrained and enjoined from:

**A.** Failing to create and maintain Documents that, in reasonable detail, accurately, fairly, and completely reflect Defendants' incomes, disbursements, transactions, and use of money with respect to their services, programs, or products; and

**B.** Creating, operating, or exercising any control over any business entity, including any partnership, limited partnership, joint venture, sole proprietorship, corporation or limited liability company, without first providing the FTC with a written statement disclosing: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers and employees; and (4) a detailed description of the business entity's intended activities.

## XI.

## PROHIBITION ON RELEASE OF CUSTOMER INFORMATION OR CUSTOMER LISTS

**IT IS FURTHER ORDERED** that Defendants and their successors, assigns, officers, agents, servants, employees, and attorneys and those persons or entities in

*FTC v. In Deep Services, Inc., et al.*
Stipulated Preliminary Injunction

1  active concert or participation with them who receive actual notice of this Order by

2  personal service, facsimile transmission, email, or otherwise, whether acting

3  directly or through any entity, corporation, subsidiary, division, affiliate or other

4  device, are hereby temporarily restrained and enjoined from selling, renting,

5  leasing, transferring, or otherwise disclosing the name, address, telephone number,

6  credit card number, bank account number, e-mail address, or other identifying

7  information of any person who paid money to the Defendant for grant-related

8  services and products or who were contacted or are on a list to be contacted by the

9  Defendant; *provided* that the Defendant may disclose such identifying information

10  to a law enforcement agency or as required by any law, regulation, or court order.

## XII.

## DISTRIBUTION OF ORDER BY DEFENDANTS

13  **IT IS FURTHER ORDERED** that Defendants shall immediately provide a

14  copy of this Order to each affiliate, sales entity, successor, assign, member, officer,

15  employee, agent, servant, attorney, subsidiary, division, and representative of any

16  Defendant, and shall, within five (5) calendar days from the date of entry of this

17  Order, provide the FTC with a sworn statement that Defendants have complied

18  with this provision of the Order, which statement shall include the names and

19  addresses of each such person or entity who received a copy of this Order.

## XIII.

## SERVICE ON FINANCIAL INSTITUTIONS, ENTITIES OR PERSONS

22

23  **IT IS FURTHER ORDERED** that copies of this Order may be served by any

means, including facsimile transmission, email, and overnight delivery service,

24

upon any financial institution or other entity or person that may have possession,

25

custody, or control of any Documents or Assets of any Defendant, or that may

26

otherwise be subject to any provision of this Order.  Service upon any branch or

27

28  *FTC v. In Deep Services, Inc., et al.*
Stipulated Preliminary Injunction

1   office of any financial institution shall effect service upon the entire financial

2   institution.  For purposes of service on anyone in possession of records, Assets,

3   property or property rights, actual notice of this Order shall be deemed complete

4   upon service of pages 1 through 19 of this Order.

5                                                    **XIV.**

6                            **LIMITED EXPEDITED DISCOVERY**

7       **IT IS FURTHER ORDERED,** that, pursuant to Fed. R. Civ. P. 26(d)(1), the

8   Commission is granted leave at any time after service of this Order to conduct

9   limited discovery of Defendants or their affiliates or subsidiaries, for the purpose

10  of discovering the nature, location, status, and extent of Assets and Documents

11  related to, or derived from the sale of Defendants' programs, services or products.

12  Counsel for the Commission may:

13      **A.** Take the deposition of any person or entity;

14      **B.** Serve interrogatories, requests for admission or requests for production of

15          Documents on any Defendant; and

16      **C.** Demand production of Documents from any person or entity.

17      *Provided*, that seven calendar days notice shall be deemed sufficient for any

18  such deposition and seven calendar days notice shall be deemed sufficient for

19  production of any Documents or responses to interrogatories or requests for

20  admission;

21      *Provided further*, that, pursuant to Fed. R. Civ. Proc. 26(b)(2)(A), any

22  discovery taken or propounded by the Commission pursuant to this Paragraph is in

23  addition to, and not subject to, any limits on the quantity of permissible discovery

24  provided for in the Federal Rules of Civil Procedure or the rules of this Court.

25                                                    **XV.**

26                                  **CORRESPONDENCE**

27

28  *FTC v. In Deep Services, Inc., et al.*
    Stipulated Preliminary Injunction

1    **IT IS FURTHER ORDERED** that, for the purpose of this Order, all

2    correspondence and service of pleadings on Plaintiff shall be addressed to:

3
4    Collot Guerard and Ruth Yodaiken
     Federal Trade Commission
5    600 Pennsylvania Avenue NW, #286
     Washington, DC 20580
6    FAX: 202-326-3395
     Email: cguerard@ftc.gov; sgurwitz@ftc.gov

7                              **XVI.**

8                 **RETENTION OF JURISDICTION**

9    **IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this

10   matter for all purposes.

11

12   **SO ORDERED,** this 21st day of July, 2009, at 3:50 p.m. (PST).

13

14

15   _____
     **UNITED STATES DISTRICT JUDGE**

16

17

18

19

20

21

22

23

24

25

26

27

28   *FTC v. In Deep Services, Inc., et al.*
     Stipulated Preliminary Injunction