UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. ED CV 09-01193-SGL(PJWx) |
| Plaintiff, | SCHEDULING MEETING OF COUNSEL, ORDER PURSUANT TO FRCP 16, 26(f) |
| v. | SCHEDULING CONFERENCE |
| IN DEEP SERVICES, INC., ET AL, | set for December 14, 2009, at 1:30 p.m. |
| Defendants. | Courtroom No. 1, 3470 Twelfth Street, Riverside, California |

**READ THIS ORDER CAREFULLY.  IT CONTROLS THE CASE**

**AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES**.

A Scheduling Conference is set for the date and time set forth in the caption.[1] Counsel shall meet at least twenty-one (21) days in advance of the Scheduling Conference to prepare a jointly signed report for the court to be submitted no less than fourteen (14) days before the Scheduling Conference.  The report is to contain the

---

[1] Unless there is a likelihood that upon motion by a party the Court would order that any or all discovery is premature, it is advisable for counsel to begin to conduct discovery actively before the Scheduling Conference required by Fed. R. Civ. P. 16(b). At the very least, the parties shall comply fully with the letter and spirit of Fed. R. Civ. P. 26(a) and thereby obtain and produce most of what would be produced in the early stage of discovery, because at the Scheduling Conference the Court will impose tight deadlines to complete discovery.

items set forth below. Pursuant to Fed. R. Civ. P. 16(c), the parties shall be represented by counsel with authority to enter into stipulations regarding all matters pertaining to conduct of the case. **Specifically, unless afforded leave of Court, lead trial counsel for all parties shall attend the conference**.

The joint report to be submitted shall contain the items listed in Fed. R. Civ. P. 26(f), the parties' recommendations and agreements, if any, about the final scheduling order as listed in Fed. R. Civ. P. 16(b)(3), and those items listed in Fed. R. Civ. P. 16(c) which counsel believe will be useful to discuss at the Scheduling Conference. Items which must be listed are the following:

(1) a listing and proposed schedule of written discovery, depositions, and a proposed discovery cut-off date;

(2) a listing and proposed schedule of law and motion matters, and a proposed dispositive motion cut-off date;

(3) a statement of what efforts have been made to settle or resolve the case to date and what settlement procedure is recommended pursuant to Local Rule 16-15 (specifically excluding any statement of the terms discussed);

(4) an estimated length of trial and a proposed date for the Final Pretrial Conference and for Trial;

(5) a discussion of other parties likely to be added;

(6) whether trial will be by jury or to the court;

(7) any other issues affecting the status or management of the case; and

(8) proposals regarding severance, bifurcation or other ordering of proof.

At the Scheduling Conference, the court will set a date for discovery cut-off[2], a

---

[2]This is not the date by which discovery requests must be served; but the date by which all discovery is to be completed. Any motion challenging the adequacy of discovery responses must be filed timely, served and calendared sufficiently in advance of the discovery cutoff date to permit the responses to be obtained before that date, if the motion is granted. The Court requires compliance with Local Rule 37-1 and 37-2 in the preparation

final date by which dispositive motions must be set for hearing, a Final Pretrial Conference date, and a trial date.  The parties should also be aware that pursuant to Fed. R. Civ. P. 26(f), **no later than fourteen (14) days** before the Scheduling Conference, the parties shall submit an agreed discovery plan to the court for approval;  this subject will be discussed at the Scheduling Conference.  The parties should recommend to the court whether or not the requirement of a discovery plan should be waived.  Failure to file a timely Rule 26(f) report may result in the imposition of monetary sanctions, and a re-scheduling of this matter on calendar.  Any party seeking to request a continuance of this matter for any reason, shall no later than 14 days before the date of the scheduling conference, immediately notify the deputy clerk and also e-file an appropriate request by stipulation of the parties and submit separately a proposed order requesting continuance to the chambers electronic mailbox.

### **Mandatory Settlement**

A settlement procedure appropriate to the particular case is **mandatory**, and will be used in every civil action pursuant to Local Rule 16-15, unless expressly waived and approved by the Court.  In the Scheduling Conference Report, counsel are to recommend a specific settlement procedure provided for in Local Rule 16-15.4 which will be utilized in this case.  Any party that fails to participate in the mandatory settlement procedures, shall be subject to possible sanctions, which may include monetary sanctions and/or the striking of their pleadings and/or entry of default and default judgment against the offending party.  It shall be the responsibility of the parties to notify the Court of any non-compliance.

Available alternatives for consideration, not to the exclusion of others, include:

    (1)    a settlement conference before a magistrate judge;

---

and filing of discovery motions.  Except in the case of an extreme emergency which was not created by the lawyer bringing the motion, discovery motions may not be heard on an ex parte basis.

  (2) appearance before a retired judicial officer or other private or non-profit dispute resolution body for settlement or mediation proceedings;

  (3) appearance before an attorney selected from the Attorney Settlement Officer Panel;

  (4) such other settlement mechanism proposed by the parties and approved by the court.

The report to the court as to the above items should be preceded by a thorough and frank discussion among the attorneys for the parties.  **A courtesy copy** of the Joint Report shall be delivered to the courtesy box outside the courtroom on the Second Floor of the U.S. Courthouse, 3470 Twelfth Street, Riverside, California, **by no later than noon the day after e-filing**.  Communications with Chambers:  Counsel shall not attempt to contact the Court or its chambers staff by telephone or by any other exparte means, although counsel may contact the courtroom deputy at (951) 328-4464, with appropriate inquiries.  To facilitate communication with the courtroom deputy, counsel should list their facsimile transmission numbers along with their telephone numbers on all papers.

**Notice of this Order**:

The courtroom deputy clerk is ordered to serve a copy of this Order by mail, facsimile or electronic mail (e-mail) on counsel for all parties to this action.

If, any party in this civil action has elected to file a notice of non-consent to service by e-mail, this order will be served on the non-consenting party(s) by regular U.S. Postal Service.

**Notice of Removals**

Any cases removed to the United States District Court from any State Court or, Federal or State agencies, the removing party-defendant(s) shall immediately serve this Order on any new parties appearing post-removal, and within 3 days of such removal

shall file a proof of service with this Court that describes the manner, date, and location of such service.  The removing party shall also file a notice of removal on the State Court or, Federal or State agencies in the venue from which the instant action originated, and within 3 days thereafter shall file with this Court a proof of service that describes the manner, date and location of such service.

Any party that fails to comply with this Court's service requirements shall be subject to an Order to Show Cause hearing which may result in the issuance of monetary sanctions, striking of their pleadings, entry of default judgment against the

/  /  /
/  /  /

offending party or dismissal of the entire action.

**Internet Site**:

Counsel are encouraged to review the Central District's Website for additional information.[3] The address is "http://www.cacd.uscourts.gov".

Dated: October 1, 2009

_____
STEPHEN G. LARSON
UNITED STATES DISTRICT JUDGE

---

[3] Copies of the Local Rules are available on our website at "http: //www.cacd.uscourts.gov" or they may be purchased from one of the following:

Los Angeles Daily Journal
915 East 1st Street
Los Angeles, California 90012

West Publishing Company
610 Opperman Drive
Post Office Box 64526
St. Paul, Minnesota 55164-0526

Metropolitan News
210 South Spring Street
Los Angeles, California 90012

**Judge Larson's E-Filing Memorandum Attachment**

Counsel shall e-file all civil and criminal filings for Judge Larson pursuant to General Order 08-02, filed on February 7, 2008, as amended by General Order 08-11, filed on December 8, 2008. Although the procedure is set forth in great detail in General Order 08-02 (as amended), generally, the procedure consists of the following three steps:

Step 1:     All *non-signature* items shall be e-filed in **.pdf format.**
            All *proposed signature items* shall be e-filed as **a separate document** in **.pdf format.**

Step 2:     In addition to being e-filed, all proposed *signature* items shall be e-mailed to the chambers electronic mailbox in **Microsoft Word** or **WordPerfect format**. **WordPerfect format is preferred**. The chambers e-mail address is **sgl_chambers@cacd.uscourts.gov**

Step 3:     A paper copy of all e-filed documents shall be delivered to chambers **no later than noon the day after e-filing**. All copies delivered to chambers shall have the Notice of E-filing attached thereto. For ease of use, declarations, notices, appendices, and similar documents that have multiple exhibits attached thereto shall separate the exhibits with numbered or lettered tabs.

**UNDER SEAL FILINGS**

Documents to be filed under seal may not be e-filed and are subject to different procedures. To file documents under seal, the following steps must be taken:

Step 1:     Manually file an ex parte application to file the documents under seal and concurrently lodge an original and one copy of the documents to be filed under seal.

Step 2:     E-file a Notice of Manual Filing.

Step 3:     E-mail a .pdf copy of that ex parte application to the chambers e-mail address together with a WordPerfect or Microsoft Word version of the proposed order for the Court's consideration. WordPerfect format is preferred.

**DO NOT OMIT ANY OF THE ABOVE STEPS.**

For any additional questions, please refer to the General Order or call the Helpline @ 213-894-0242.

(Revision date March 26, 2009)