DAVID C. FIX
dfix@ftc.gov
RUTH YODAIKEN
ryodaiken@ftc.gov
Federal Trade Commission
600 Pennsylvania Avenue, NW, Room 288
Washington, DC 20580
202-326-3298 (Mr. Fix)
202-326-2127 (Ms. Yodaiken)
202-326-3395 (facsimile)

Local Counsel
BARBARA CHUN
CA Bar No. 186907
Federal Trade Commission
10877 Wilshire Boulevard, Suite 700
Los Angeles, CA 90024
310-824-4312 (Ms. Chun)
310-824-4380 (facsimile)

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br>**Plaintiff,**<br><br>v.<br><br>**IN DEEP SERVICES, INC., et al.**<br><br>**Defendants.** | Civil No.  ED CV 09-01193 DEW (PJWx)<br><br>[~~PROPOSED~~] **FINAL ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO DEFENDANT JOSEPH C. FLEMING IV** |

On June 23, 2009, Plaintiff Federal Trade Commission ("FTC" or

"Commission") filed a Complaint in this Court for injunctive and other equitable

relief against the Corporate Defendant In Deep Services, Inc., and Individual

Defendants Ryan Champion and Joseph C. Fleming IV (collectively "the IDS

Defendants"), for engaging in acts and practices that violate Section 5 of the

Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45(a) and Section

917(c) of the Electronic Fund Transfer Act, 15 U.S.C. § 1693o(c) ("EFTA")
[Docket Entry 1].

On June 23, 2009, upon motion by the FTC, the Court entered a noticed
Temporary Restraining Order ("TRO") that, among other things, froze the IDS
Defendants' personal and corporate assets, enjoined defendants from making
certain misrepresentations, and ordered the IDS Defendants to show cause why a
preliminary injunction should not issue [DE 21]. On June 29, 2009, the Court
extended the TRO and changed the date set for the preliminary injunction hearing
[DE 32]. On July 21, 2009, the Court entered a Stipulated Preliminary Injunction
that continued the substantive provisions of the TRO [DE 36].

The IDS Defendants were served with copies of the Complaint, Summons,
and associated documents. [DE 24 (IDS Service), DE 26 (Fleming), DE 25 and
27 (Champion)]. The Individual Defendants Ryan Champion and Joseph C.
Fleming answered the FTC's Complaint. [DE 58].

The Commission and Defendant Joseph C. Fleming IV stipulated to the entry
of, and requested the Court to enter, this Proposed Final Order for Permanent
Injunction and Monetary Judgment as to Defendant Fleming ("Order"), to resolve
all matters of dispute between them in this action.


**IT IS THEREFORE AGREED AND ORDERED** as follows:

1.   This Court has jurisdiction over the subject matter of this case and there is
     good cause to believe it has jurisdiction over the Defendant Joseph C.
     Fleming IV;

2.   Venue is proper in this District under 28 U.S.C. § 1391(b) and 15 U.S.C.
     § 53(b);

3.   The activities alleged in the Complaint are in or affecting "commerce" as

that term is defined in Section 4 of the FTC Act, 15 U.S.C. § 44;

4. The Complaint states a claim upon which relief may be granted under Sections 5(a) and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a) and 53(b); and under Section 917(c) of EFTA, 15 U.S.C. § 1693o(c);

5. Fleming has entered into this Order freely and without coercion, and he acknowledges that he has read the provisions of this Order and is prepared to abide by them;

6. This Order is in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law;

7. Fleming waives all rights to seek appellate review or otherwise challenge or contest the validity of this Order and waives and releases any claim he may have against the Commission, its employees, representatives, or agents;

8. Fleming agrees that this Order does not entitle him to seek or to obtain attorneys' fees as a prevailing party under the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended by Pub. L. 104-121, 110 Stat. 847, 863-64 (1996), and he further waives any rights to attorneys' fees that may arise under said provision of law;

9. This Order is for settlement purposes only and does not constitute an admission by Fleming that the law has been violated as alleged in the Complaint or any admission of wrongdoing. However, for the purposes of bankruptcy proceedings, if any, see Section V, Paragraph J;

10. This Order is remedial in nature and no portion of any payments paid herein shall be deemed or construed as payment of a fine, damages, penalty, or punitive assessment; and

11. Entry of this Order is in the public interest.

## ORDER

### DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

1. **"Assisting others"** means providing any of the following products or services to another entity: (1) performing customer service functions, including, but not limited to, receiving or responding to consumer complaints; (2) formulating or providing, or arranging for the formulation or provision of, any promotional material; (3) providing names of, or assisting in the generation of, potential customers; (4) performing promotional or marketing services of any kind; or (5) processing credit and debit card payment;

2. **"Fleming"** means defendant Joseph C. Fleming IV, individually and as an officer of the Corporate Defendant, In Deep Services, Inc., whether acting directly or through any other person, entity, corporation, subsidiary, division, affiliate or other device;

3. **"Continuity program"** means any plan, arrangement, or system under which a consumer is periodically charged to maintain a service or periodically receive products, including but not limited to access to a "member only" website, without prior notification by the seller with sufficient time before each charge to allow the consumer to cancel without incurring charges;

4. **"Document"** is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, Internet sites, Webpages, Websites, electronic correspondence, including e-mail and instant messages, photographs, audio and video recordings, contracts, accounting data, advertisements

4

(including, but not limited to, advertisements placed on the World Wide Web), FTP Logs, Server Access Logs, USENET Newsgroup postings, World Wide Web pages, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, and other data compilations from which information can be obtained and translated. A draft or non-identical copy is a separate document within the meaning of the term;

5.   **"Grant-related product or service"** means any product or service, including a plan or program, that is represented, directly or by implication, to assist a consumer in any manner in obtaining a grant or similar financial assistance from the government or any other source;

6.   **"In Deep Services"** or **"IDS"** means defendant In Deep Services, Inc., a California corporation, and its successors and assigns;

7.   **"Material fact"** means any statement that is likely to affect a person's choice of, or conduct regarding, products or services;

8.   **"Negative-option program"** means any plan, arrangement, or system under which a consumer's silence or failure to take an affirmative action to reject products or services or to cancel the agreement is interpreted by the seller as acceptance of the offer;

9.   **"Plaintiff"** or **"Commission"** or **"FTC"** means the Federal Trade Commission;

10.  **"Representative"** means Fleming's successors, assigns, officers, agents, servants, employees, and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise;

11.   The words "**and**" and "**or**" shall be understood to have both conjunctive and disjunctive meanings.

## I.

## BAN AGAINST MARKETING OF GRANT-RELATED PRODUCTS AND SERVICES

**IT IS THEREFORE ORDERED** that Fleming is hereby permanently restrained and enjoined from:

A.   Advertising, marketing, promoting, offering for sale, or selling any Grant-related product or service;

B.   Assisting others engaged in advertising, marketing, promoting, offering for sale, or selling of any Grant-related product or service;

C.   Holding any ownership interest, share, or stock in any business entity that engages in or assists in the advertising, marketing, promoting, offering for sale, or selling of any Grant-related product or service; *provided, however*, this prohibition shall not apply to any publicly-traded company in which Fleming owns one (1) percent or less of the outstanding common shares.

## II.

## BAN AGAINST CONTINUITY PROGRAMS AND NEGATIVE-OPTION MARKETING

**IT IS THEREFORE ORDERED** that Fleming is hereby permanently restrained and enjoined from:

A.   Advertising, marketing, promoting, offering for sale, or selling any product or service in which consumers will be entered into a Continuity program or a Negative-option program;

B.   Assisting others engaged in advertising, marketing, promoting,

6

offering for sale, or selling any product or service in which
consumers will be entered into a Continuity program or a Negative-
option program;

C.   Holding any ownership interest, share, or stock in any business
entity that engages in or assists in the advertising, marketing,
promoting, offering for sale, or selling of any product or service in
which consumers will be entered into a Continuity program or a
Negative-option program; *provided, however*, this prohibition shall
not apply to any publicly-traded company in which Fleming owns
one (1) percent or less of the outstanding common shares.

## III.

## PROHIBITION AGAINST VIOLATION OF THE ELECTRONIC FUND TRANSFER ACT

**IT IS FURTHER ORDERED** that, in connection with the advertising,
marketing, promotion, offering for sale, or sale of any product or service,
Fleming and his Representatives are hereby permanently restrained and enjoined
from:

A.   Engaging or Assisting others in engaging in any recurring debiting
of a consumer's account without first obtaining a written
authorization signed or similarly authenticated from consumers for
Preauthorized Electronic Fund Transfers from the consumers
accounts; so that the authorization is clear and readily
understandable, identifiable as an authorization, and reflects the
consumer's assent; as required by Section 907(a) of EFTA, 15
U.S.C. § 1693e(a) and Section 205.10(b) of Regulation E, 12 C.F.R.
§ 205.10(b) , as more fully set out in Section 205.10(b) -5 and -6 of

7

the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.10(b) -5 and -6, Supp. I;

B.   Engaging or Assisting others in engaging in any recurring debiting of a consumer's account on a recurring basis without providing to the consumer a copy of the written authorization signed or similarly authenticated by the consumer for Preauthorized Electronic Fund Transfers from the consumer's account, as required by Section 907(a) of EFTA, 15 U.S.C. § 1693e(a) and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b) , as more fully set out in Section 205.10(b) -5 and -6 of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.10(b) -5 and -6, Supp. I;  and

C.   Failing to maintain procedures reasonably adapted to avoid an unintentional failure to obtain a written authorization for Preauthorized Electronic Fund Transfers, as required in Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b), as more fully set out in Section 205.10(b) -7 of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.10(b) -7, Supp.I..

## IV.

## PROHIBITION AGAINST MAKING MISREPRESENTATIONS OF MATERIAL FACTS

IT IS FURTHER ORDERED that, in connection with the advertising, marketing, promoting, offering for sale or selling of any product or service, Fleming and his Representatives are hereby permanently restrained and enjoined

from misrepresenting or Assisting others in misrepresenting, directly or by implication, any Material fact, including, but not limited to:

    A.    The total cost to purchase, receive, or use, and the quantity of, any products or services that are the subject of the sales offer;

    B.    Any material restrictions, limitations, or conditions to purchase, receive, or use the products or services;

    C.    Any material aspect of the nature or terms of a refund, cancellation, exchange, or repurchase policy for the products or services; or

    D.    The income, profits, or sales volume likely to be achieved from the products or services.

## V.

## MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that:

A.    Judgment in the amount of **Nine Million Forty-two Thousand and Seventy dollars ($9,042,070)** is entered against Defendant Fleming jointly and severally with any other defendants found liable in this matter;

B.    The monetary judgment set forth in Paragraph A shall be suspended upon Fleming's compliance with Paragraphs C and D of this Section;

C.    Fleming shall pay the United States Internal Revenue Service ("IRS") and the State of California Franchise Tax Board (the "State of California") monies due to wholly or partially satisfy his existing tax liabilities;

    1.    Within sixty (60) days of the entry of this Order, Fleming shall pay the IRS and the State of California using funds

previously frozen by the Court in this action. Such accounts are listed in Attachment A to this Order. The freeze on Fleming's assets contained in the preliminary injunction issued in this matter is hereby lifted to enable Fleming to make payments from the accounts listed in Attachment A pursuant to this Section;

2.   Fleming shall use funds contained in the accounts listed in Attachment A solely for the purposes of: (a) wholly or partially satisfying his existing tax liability; or (b) paying the Commission, as described in Paragraph C(5) of this Section;

3.   Any portion of Fleming's tax liabilities to the IRS and State of California not satisfied by payments made from the accounts listed in Attachment A shall be the sole responsibility of Fleming;

4.   Within ninety (90) days of the entry of this Order, Fleming shall provide the Commission with copies of the front and back of all cancelled personal checks, or electronic payment receipts, made by Fleming to the IRS and State of California pursuant to this Paragraph;

5.   If, after making payments to the IRS and State of California pursuant to this Paragraph, any funds (a) remain in the accounts listed in Attachment A Fleming shall arrange for the prompt payment of such funds to the Commission by wire transfer in accordance with directions provided by the Commission;

D.   In order to ensure that Fleming uses funds held in the accounts listed in Attachment A for the purpose of paying the IRS and State of

10

California for tax liabilities, and that Fleming complies with Paragraph L of this Section, Fleming shall:

1.  Upon issuance of this Order, execute the statement in Attachment B, and submit it to the Commission at the following address:

> Associate Director, Division of Marketing Practices,
> 600 Pennsylvania Avenue, N.W., Room 286,
> Washington, D.C. 20580;

2.  Within sixty (60) days of the entry of this Order, provide the Commission with copies of his 2008 and 2009 federal income tax returns as filed with the IRS and with copies of his 2008 and 2009 state income tax returns as filed with the State of California; and

3.  Within ten (10) days of being directed by the Commission, complete, date, sign, and submit to the IRS, along with the required fee, an IRS Form 4506, directing that copies of Fleming's federal income tax returns and amended federal income tax returns for tax years 2008, 2009, and 2010 be sent directly to the Commission at the address provided in Paragraph D(1) above. The time period within which the Commission can so direct Fleming will end sixty (60) days after the last date on which Fleming has a right under law to file an amended income tax return for Fleming's 2010 tax year;

E.  The Commission's agreement to this Order is expressly premised upon the truthfulness, accuracy and completeness of Fleming's sworn financial statements and supporting documents submitted to

the Commission on or about July 2, 2009, as well as all subsequent addenda thereto, all of which Fleming has stipulated are truthful, accurate, and complete.  Fleming and the Commission have stipulated that these financial disclosures provide the basis for the assets listed in Attachment A to this Order and include material information upon which the Commission relied in negotiating and agreeing to this Order.  Fleming and the Commission have stipulated that the Commission has relied on the truthfulness, accuracy, and completeness of these financial disclosures in agreeing to the terms of this Order and that the Commission would not have entered into this Order but for the truthfulness, accuracy, and completeness of these financial disclosures;

F.    If, upon motion by the Commission, this Court finds that Fleming has failed to disclose any material asset or materially misstated the value of any asset in the financial statement and related documents described above, or has made any other material misstatement or omission in the financial statements and related documents described above, then this Order shall be reopened and suspension of the judgment shall be lifted for the purpose of requiring payment of **Nine Million Forty-two Thousand and Seventy dollars ($9,042,070)**, as set forth in Paragraph A of this Section.  *Provided, however*, that in all other respects this Order shall remain in full force and effect, unless otherwise ordered by the Court;

G.    Upon such reinstatement of the monetary judgment, the Court shall make an express determination that the monetary judgment shall be immediately due and payable.  The Commission shall be entitled to interest on the judgment, computed from the day of entry of this

12

Order, at the rate prescribed by 18 U.S.C. § 1961, as amended.  The Commission shall be permitted to execute on the judgment immediately after the suspension is lifted and engage in discovery in aid of execution;

H.   All funds paid to the pursuant to the Order shall be deposited into an account administered by the Commission or its agent to be used for equitable relief, including but not limited to consumer redress, and any attendant expenses for the administration of such equitable relief.  In the event that direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Fleming's practices alleged in the Complaint.  Any funds not used for such equitable relief shall be deposited to the United States Treasury as disgorgement.  Fleming shall have no right to challenge the Commission's choice of remedies under this Section.  Fleming shall have no right to contest the manner of distribution chosen by the Commission;

I.   As to all funds paid to the Commission pursuant to this Order, Fleming relinquishes all dominion, control, and title to the funds paid to the fullest extent permitted by law.  Fleming shall make no claim to or demand return of the funds, directly or indirectly, through counsel or otherwise;

J.   Fleming agrees that the facts as alleged in the Complaint filed in this action shall be taken as true without further proof in any bankruptcy case or subsequent civil litigation pursued by the Commission to enforce its rights to any payment or money judgment pursuant to this

13

Final Order, including but not limited to a nondischargeability complaint in any bankruptcy case. Fleming further has stipulated and agreed that the facts alleged in the Complaint establish all elements necessary to sustain an action pursuant to, and that this Order shall have collateral estoppel effect for purposes of, Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A);

K.  Proceedings instituted under this Section are in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law, including any other proceedings the Commission may initiate to enforce this Order;

L.  Fleming agrees that he will not, whether acting directly or through any corporation, partnership, subsidiary, division, trade name, device, or other entity, submit to any federal or state tax authority any return, amended return, or other official document that takes a deduction for, or seeks a tax refund or other favorable treatment for, any payment by Fleming pursuant to this Order. Fleming further agrees that he will not seek a credit or refund of any kind for federal or state taxes or penalties for tax years 2007, 2008 and 2009. However, if Fleming otherwise obtains a credit or refund of any federal or state taxes or penalties paid for tax years 2007, 2008 or 2009, then Fleming shall promptly remit such amount, together with any interest Fleming has earned in connection with any such credit or refund, to the Commission pursuant to the procedure set forth in Section C(5) of this Paragraph;

M.  Fleming shall, unless he has done so already, provide the Commission with clear, legible, and full-size photocopies of all valid driver's licenses he possesses, which will be used for reporting and

14

compliance purposes.

# VI.

## BAN ON USE OF CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Fleming and his Representatives are permanently restrained and enjoined from:

A.   disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), of any person which Fleming obtained prior to entry of this Order in connection with the advertising, marketing, promotion, or offering of grant-related products and services;

B.   failing to dispose of such customer information in all forms in their possession, custody, or control within thirty (30) days after entry of this Order.  Disposal shall be by means that protect against unauthorized access to the customer information, such as by burning, pulverizing, or shredding any papers, and by erasing or destroying any electronic media, to ensure that the customer information cannot practicably be read or reconstructed.

*Provided, however*, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by a law, regulation, or court order.   In particular, a copy of the names, addresses and email addresses of customers of In Deep Services for grant-related products and services shall be share with the Commission before the time limit for disposal of

15

the information as outline in VI(B).

## VII.

## COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of (i) monitoring and investigating compliance with any provision of this Order, and (ii) investigating the accuracy of Fleming's financial statements upon which the Commission's agreement to this Order is expressly premised:

A.   Within ten (10) days of receipt of written notice from a representative of the Commission, Fleming shall submit additional written reports, which are true and accurate and sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and provide entry during normal business hours to any business location in Fleming's possession or direct or indirect control to inspect the business operation;

B.   In addition, the Commission is authorized to use all other lawful means, including but not limited to:

    1.   obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, 45 and 69;

    2.   having its representatives pose as consumers to Fleming, his employees, or any other entity managed or controlled in whole or in part by Fleming, without the necessity of identification or prior notice; and

C.   Fleming shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order.  The person

16

interviewed may have counsel present.

*Provided however*, that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## VIII.

## COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Order may be monitored:

A.  For a period of five (5) years from the date of entry of this Order,

    1.  Fleming shall notify the Commission of the following:

        a.  Any changes in his residence, mailing addresses, and telephone numbers, within ten (10) days of the date of such change;

        b.  Any changes in his employment status (including self-employment), and any change in his ownership in any business entity within ten (10) days of the date of such change. Such notice shall include the name and address of each business that he is affiliated with, employed by, creates or forms, or performs services for; a detailed description of the nature of the business; and a detailed description of his duties and responsibilities in connection with the business or employment; and

        c.  Any changes in his name or use of any aliases or fictitious names within ten (10) days of the date of such

change;

2. Fleming shall notify the Commission of any changes in structure of In Deep Services, Inc. or any business entity that he directly or indirectly controls, or has an ownership interest in, that may affect compliance obligations arising under this Order, including but not limited to: incorporation or other organization; a dissolution, assignment, sale, merger, or other action; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; or a change in the business name or address, at least thirty (30) days prior to such change, provided that, with respect to any such change in the business entity about which he learns less than thirty (30) days prior to the date such action is to take place, he shall notify the Commission as soon as is practicable after obtaining such knowledge.

B. One hundred eighty (180) days after the date of entry of this Order and annually thereafter for a period of five (5) years, Fleming shall provide a written report to the FTC, which is true and accurate and sworn to under penalty of perjury, setting forth in detail the manner and form in which he has complied and is complying with this Order. This report shall include, but not be limited to:

1. Fleming's then-current residence address, mailing addresses, and telephone numbers;

2. Fleming's then-current employment status (including self-employment), including the name, addresses, and telephone numbers of each business that Fleming is affiliated with, employed by, or performs services for; a detailed description

of the nature of the business; and a detailed description of Fleming's duties and responsibilities in connection with the business or employment;

3.  A copy of the acknowledgment of receipt of this Order, obtained pursuant to the Section titled "Distribution of Order;" and

4.  Any other changes required to be reported under Subsection A of this Section.

C.  Fleming shall notify the Commission of the filing of a bankruptcy petition by him within fifteen (15) days of filing.

D.  For the purposes of this Order, Fleming shall, unless otherwise directed by the Commission's authorized representatives, send by overnight courier all reports and notifications required by this Order to the Commission, to the following address:

> Associate Director for Enforcement
>
> Federal Trade Commission
>
> 600 Pennsylvania Avenue, N.W.,
>
> Washington, D.C. 20580
>
> Re:  FTC v. In Deep Services, Inc., Ryan Champion and
>
> Joseph C. Fleming IV
>
> Case No.: 5:09-CV-01193-SGL (PJW)

*Provided that*, in lieu of overnight courier, Fleming may send such reports or notifications by first-class mail, but only if he contemporaneously sends an electronic version of such report or notification to the Commission at: DEBrief@ftc.gov.

E.  For purposes of the compliance reporting and monitoring required by this Order, the Commission is authorized to communicate

directly with Fleming.

## IX.

## RECORDKEEPING

**IT IS FURTHER ORDERED** that, for a period of eight (8) years from the date of entry of this Order, Fleming, for any business for which he is the majority owner or directly or indirectly controls, is hereby restrained and enjoined from failing to create and retain the following records:

A.    Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

B.    Personnel records accurately reflecting:  the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

C.    Customer files containing the names, addresses, telephone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

D.    Complaints and refund requests (whether received directly or indirectly, such as through a third party,) and any responses to those complaints or requests;

E.    Copies of all sales scripts, training materials, advertisements, or other marketing materials; and

F.    All records and documents necessary to demonstrate full compliance with each provision of this Order, including but not limited to, copies of acknowledgments of receipt of this Order required by the

Sections titled "Distribution of Order" and "Acknowledgment of Receipt of Order" and all reports submitted to the FTC pursuant to the Section titled "Compliance Reporting."

## X.

## DISTRIBUTION OF ORDER

**IT IS FURTHER ORDERED** that, for a period of five (5) years from the date of entry of this Order, Fleming shall deliver copies of the Order as directed below:

A.   Fleming as control person:  For any business that Fleming controls, directly or indirectly, or in which he has a majority ownership interest, he must deliver a copy of this Order to (1) all principals, officers, directors, and managers of that business; (2) all employees, agents, and representatives of that business who engage in sales and marketing related to products and services; and (3) any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting." For current personnel, delivery shall be within five (5) days of service of this Order upon Fleming. For new personnel, delivery shall occur prior to them assuming their responsibilities. For any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the change in structure.

B.   Fleming as employee or non-control person:  For any business where Fleming is not a controlling person of a business but otherwise engages in sales and marketing related to products and services, he must deliver a copy of this Order to all principals and

21

managers of such business before engaging in such conduct.

C.    Fleming must secure a signed and dated statement acknowledging receipt of this Order, within thirty (30) days of delivery, from all persons receiving a copy of this Order pursuant to this Section.

## XI.

## ACKNOWLEDGMENT OF RECEIPT OF ORDER

**IT IS FURTHER ORDERED** that Fleming, within five (5) business days of receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

## XII.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

## XIII.

## ENTRY OF ORDER

**IT IS FURTHER ORDERED** that there is no just reason for delay, and the Clerk of Court is hereby directed to enter this Order immediately.

**SO ORDERED**, this 26 day of Oct , 2010, at 8:01 a.m., Pacific Standard Time.

The Honorable Donald E. Walter
United States District Judge

22

# Attachment A

Accounts with Citibank:

*******2659

*******0672

*******2917

*******2933

*******8959

*******6606.

Accounts with Wells Fargo:

*******0395

*******7710

*******6868

*******6767.

Accounts with Bank of America:

*******8526

*******7386.

**Attachment B**

I, Joseph C. Fleming IV:

  i. will use my share of the released frozen funds only to pay the tax liabilities described in this Order;

  ii. to the extent that I do not need part of my share of the frozen funds to pay such tax liabilities, will return that part of the frozen funds to the Federal Trade Commission.

  I declare under penalty of perjury that the foregoing is true and correct. Executed on ___ day of _____, 2010.

_____

Joseph C. Fleming IV