DAVID C. FIX
dfix@ftc.gov
RUTH YODAIKEN
ryodaiken@ftc.gov
Federal Trade Commission
600 Pennsylvania Avenue, NW, Room 288
Washington, DC 20580
202-326-3298 (Mr. Fix)
202-326-2127 (Ms. Yodaiken)
202-326-3395 (facsimile)

Local Counsel
BARBARA CHUN
CA Bar No. 186907
Federal Trade Commission
10877 Wilshire Boulevard, Suite 700
Los Angeles, CA 90024
310-824-4312 (Ms. Chun)
310-824-4380 (facsimile)

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br>**Plaintiff,**<br>**v.**<br>**IN DEEP SERVICES, INC., et al.**<br>**Defendants.** | **Civil No. ED CV 09-01193 DEW (PJWx)**<br><br>**[~~PROPOSED~~] FINAL ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO CORPORATE DEFENDANT IN DEEP SERVICES, INC.** |

On June 23, 2009, Plaintiff Federal Trade Commission ("FTC" or "Commission") filed a Complaint in this Court for injunctive and other equitable relief against the Corporate Defendant In Deep Services, Inc., and Individual Defendants Ryan Champion and Joseph C. Fleming IV (collectively "the IDS Defendants"), for engaging in acts and practices that violate Section 5 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45(a) and Section

917(c) of the Electronic Fund Transfer Act, 15 U.S.C. § 1693o(c) ("EFTA") [Docket Entry 1].

On June 23, 2009, upon motion by the FTC, the Court entered a noticed Temporary Restraining Order ("TRO") that, among other things, froze the IDS Defendants' personal and corporate assets, enjoined defendants from making certain misrepresentations, and ordered the IDS Defendants to show cause why a preliminary injunction should not issue [DE 21]. On June 29, 2009, the Court extended the TRO and changed the date set for the preliminary injunction hearing [DE 32]. On July 21, 2009, the Court entered a Stipulated Preliminary Injunction that continued the substantive provisions of the TRO [DE 36].

The IDS Defendants were served with copies of the Complaint, Summons, and associated documents. [DE 24 (IDS Service), DE 26 (Fleming), DE 25 and 27 (Champion)]. The Individual Defendants Ryan Champion and Joseph C. Fleming answered the FTC's Complaint. [DE 58]. IDS did not answer the FTC's Complaint.

The Commission and Corporate Defendant In Deep Services, Inc., have agreed to the following stipulated Final Order for Permanent Injunction and Monetary Judgment as to Corporate Defendant In Deep Services, Inc. ("Order"), to resolve all matters of dispute between them in this action.

**IT IS THEREFORE AGREED, AND ORDERED** as follows:

1. This Court has jurisdiction over the subject matter of this case and there is good cause to believe it has jurisdiction over the Defendant In Deep Services, Inc.;
2. Venue is proper in this District under 28 U.S.C. § 1391(b) and 15 U.S.C. § 53(b);

3.   The activities alleged in the Complaint are in or affecting "commerce" as that term is defined in Section 4 of the FTC Act, 15 U.S.C. § 44;

4.   The Complaint states a claim upon which relief may be granted under Sections 5(a) and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a) and 53(b); and under Section 917(c) of EFTA, 15 U.S.C. § 1693o(c);

5.   In Deep Services, Inc., has entered into this Order freely and without coercion, and the corporation acknowledges that it has read the provisions of this Order and is prepared to abide by them;

6.   This Order is in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law;

7.   In Deep Services, Inc., waives all rights to seek appellate review or otherwise challenge or contest the validity of this Order and waives and releases any claim it may have against the Commission, its employees, representatives, or agents;

8.   In Deep Services, Inc., agrees that this Order does not entitle it to seek or to obtain attorneys' fees as a prevailing party under the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended by Pub. L. 104-121, 110 Stat. 847, 863-64 (1996), and it further waives any rights to attorneys' fees that may arise under said provision of law;

9.   This Order is for settlement purposes only and does not constitute an admission by In Deep Services, Inc., that the law has been violated as alleged in the Complaint or any admission of wrongdoing. However, for the purposes of bankruptcy proceedings, if any, see Section V, Paragraph J;

10.  This Order is remedial in nature and no portion of any payments paid herein shall be deemed or construed as payment of a fine, damages,

penalty, or punitive assessment; and

11. Entry of this Order is in the public interest.

## ORDER

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

1. "**Assisting others**" means providing any of the following products or services to another entity: (1) performing customer service functions, including, but not limited to, receiving or responding to consumer complaints; (2) formulating or providing, or arranging for the formulation or provision of, any promotional material; (3) providing names of, or assisting in the generation of, potential customers; (4) performing promotional or marketing services of any kind; or (5) processing credit and debit card payment;

2. "**Continuity program**" means any plan, arrangement, or system under which a consumer is periodically charged to maintain a service or periodically receive products, including but not limited to access to a "member only" website, without prior notification by the seller with sufficient time before each charge to allow the consumer to cancel without incurring charges;

3. "**Document**" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, Internet sites, Webpages, Websites, electronic correspondence, including e-mail and instant messages, photographs, audio and video recordings, contracts, accounting data, advertisements (including, but not limited to, advertisements placed on the World Wide Web), FTP Logs, Server Access Logs, USENET Newsgroup postings,

World Wide Web pages, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, and other data compilations from which information can be obtained and translated. A draft or non-identical copy is a separate document within the meaning of the term;

4. "**Grant-related product or service**" means any product or service, including a plan or program, that is represented, directly or by implication, to assist a consumer in any manner in obtaining a grant or similar financial assistance from the government or any other source;

5. "**In Deep Services**" or "**IDS**" means defendant In Deep Services, Inc., a California corporation, and its successors and assigns;

6. "**Material fact**" means any statement that is likely to affect a person's choice of, or conduct regarding, products or services;

7. "**Negative-option program**" means any plan, arrangement, or system under which a consumer's silence or failure to take an affirmative action to reject products or services or to cancel the agreement is interpreted by the seller as acceptance of the offer;

8. "**Plaintiff**" or "**Commission**" or "**FTC**" means the Federal Trade Commission;

9. "**Representative**" means In Deep Services' officers, agents, servants, employees, and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise;

10. The words "**and**" and "**or**" shall be understood to have both conjunctive and disjunctive meanings.

## I.

## BAN AGAINST MARKETING OF GRANT -RELATED PRODUCTS AND SERVICES

**IT IS THEREFORE ORDERED** that In Deep Services, whether acting directly or through any sole proprietorship, officer, agent, servant, employee, partnership, limited liability company, corporation, subsidiary, branch, division or other entity, is hereby permanently restrained and enjoined from:

A. Advertising, marketing, promoting, offering for sale, or selling any Grant-related product or service;

B. Assisting others engaged in advertising, marketing, promoting, offering for sale, or selling of any Grant-related product or service;

C. Holding any ownership interest, share, or stock in any business entity that engages in or assists in the advertising, marketing, promoting, offering for sale, or selling of any Grant-related product or service; *provided, however*, this prohibition shall not apply to any publicly-traded company in which In Deep Services owns one (1) percent or less of the outstanding common shares.

## II.

## BAN AGAINST CONTINUITY PROGRAMS AND NEGATIVE-OPTION MARKETING

**IT IS THEREFORE ORDERED** that In Deep Services, whether acting directly or through any sole proprietorship, officer, agent, servant, employee, partnership, limited liability company, corporation, subsidiary, branch, division or other entity, is hereby permanently restrained and enjoined from:

A. Advertising, marketing, promoting, offering for sale, or selling any product or service in which consumers will be entered into a

Continuity program or a Negative-option program;

B. Assisting others engaged in advertising, marketing, promoting, offering for sale, or selling any product or service in which consumers will be entered into a Continuity program or a Negative-option program;

C. Holding any ownership interest, share, or stock in any business entity that engages in or assists in the advertising, marketing, promoting, offering for sale, or selling of any product or service in which consumers will be entered into a Continuity program or a Negative-option program; *provided, however*, this prohibition shall not apply to any publicly-traded company in which In Deep Services owns one (1) percent or less of the outstanding common shares.

## III.

## PROHIBITION AGAINST VIOLATION OF THE ELECTRONIC FUND TRANSFER ACT

**IT IS FURTHER ORDERED** that, in connection with the advertising, marketing, promotion, offering for sale, or sale of any product or service, In Deep Services and its Representatives are hereby permanently restrained and enjoined from:

A. Engaging or Assisting others in engaging in any recurring debiting of a consumer's account without first obtaining a written authorization signed or similarly authenticated from consumers for Preauthorized Electronic Fund Transfers from the consumers accounts; so that the authorization is clear and readily understandable, identifiable as an authorization, and reflects the

consumer's assent; as required by Section 907(a) of EFTA, 15 U.S.C. § 1693e(a) and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b) , as more fully set out in Section 205.10(b) -5 and -6 of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.10(b) -5 and -6, Supp. I;

B. Engaging or Assisting others in engaging in any recurring debiting of a consumer's account on a recurring basis without providing to the consumer a copy of the written authorization signed or similarly authenticated by the consumer for Preauthorized Electronic Fund Transfers from the consumer's account, as required by Section 907(a) of EFTA, 15 U.S.C. § 1693e(a) and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b) , as more fully set out in Section 205.10(b) -5 and -6 of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.10(b) -5 and -6, Supp. I; and

C. Failing to maintain procedures reasonably adapted to avoid an unintentional failure to obtain a written authorization for Preauthorized Electronic Fund Transfers, as required in Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b), as more fully set out in Section 205.10(b) -7 of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.10(b) -7, Supp.I..

## IV.

## PROHIBITION AGAINST MAKING MISREPRESENTATIONS OF MATERIAL FACTS

**IT IS FURTHER ORDERED** that, in connection with the advertising, marketing, promoting, offering for sale or selling of any product or service, In Deep Services and its Representatives are hereby permanently restrained and enjoined from misrepresenting or Assisting others in misrepresenting, directly or by implication, any Material fact, including, but not limited to:

A. The total cost to purchase, receive, or use, and the quantity of, any products or services that are the subject of the sales offer;

B. Any material restrictions, limitations, or conditions to purchase, receive, or use the products or services;

C. Any material aspect of the nature or terms of a refund, cancellation, exchange, or repurchase policy for the products or services; or

D. The income, profits, or sales volume likely to be achieved from the products or services.

**V.**

**MONETARY JUDGMENT**

**IT IS FURTHER ORDERED** that:

A. Judgment in the amount of **Nine Million Forty-two Thousand and Seventy dollars ($9,042,070)** is entered against Corporate Defendant In Deep Services jointly and severally with any other defendants found liable in this matter;

B. The monetary judgment set forth in Paragraph A shall be suspended upon In Deep Services' compliance with Paragraphs C and D of this Section;

C. In Deep Services shall pay the United States Internal Revenue Service ("IRS") and the State of California Franchise Tax Board (the "State of California") monies due to wholly or partially satisfy

its existing tax liabilities and the tax liabilities of the individual defendants Ryan Champion and Joseph C. Fleming IV.

1. Within sixty (60) days of the entry of this Order, In Deep Services shall pay the IRS and the State of California using funds previously frozen by the Court in this action. The accounts are listed in Attachment A to this Order. The freeze on In Deep Services' assets contained in the preliminary injunction issued in this matter is hereby lifted to enable In Deep Services to make payments from the accounts listed in Attachment A pursuant to this Section;

2. In Deep Services shall use funds contained in the accounts listed in Attachment A solely for the purposes of: (a) wholly or partially satisfying its existing tax liability; (b) wholly or partially satisfying the tax liabilities of individual defendants Ryan Champion and Joseph C. Fleming IV; or (c) paying the Commission, as described in Paragraph C(5) of this Section;

3. Any portion of In Deep Services' tax liabilities to the IRS and State of California not satisfied by payments made from the accounts listed in Attachment A shall be the sole responsibility of In Deep Services;

4. Within ninety (90) days of the entry of this Order, In Deep Services shall provide the Commission with copies of the front and back of all cancelled checks, or electronic payment receipts, made by In Deep Services to the IRS and State of California pursuant to this Paragraph;

5. If, after making payments to the IRS and State of California pursuant to this Paragraph, any funds remain in the accounts

listed in Attachment A, In Deep Services shall arrange for the prompt payment of such funds to the Commission by wire transfer in accordance with directions provided by the Commission;

D. In order to ensure that In Deep Services uses funds held in the accounts listed in Attachment A for the purpose of paying the IRS and State of California for tax liabilities, and that In Deep Services complies with Paragraph L of this Section, In Deep Services shall:

1. Upon issuance of this Order, execute the statement in Attachment B, and submit it to the Commission at the following address:

Associate Director, Division of Marketing Practices,
600 Pennsylvania Avenue, N.W., Room 286,
Washington, D.C. 20580;

2. Within sixty (60) days of the entry of this Order, provide the Commission with copies of its 2008 and 2009 federal tax returns as filed with the IRS and with copies of its 2008 and 2009 state tax returns as filed with the State of California; and

3. Within ten (10) days of being directed by the Commission, complete, date, sign, and submit to the IRS, along with the required fee, an IRS Form 4506, directing that copies of In Deep Services' federal tax returns and amended federal tax returns for tax years 2008,2009, and 2010 be sent directly to the Commission at the address provided in Paragraph D(1) above. The time period within which the Commission can so direct In Deep Services will end sixty (60) days after the last date on which In Deep Services has a right under law to file

an amended tax return for In Deep Services' 2010 tax year;

E.   The Commission's agreement to this Order is expressly premised upon the truthfulness, accuracy and completeness of In Deep Services' sworn financial statements and supporting documents submitted to the Commission on or about July 2, 2009, as well as all subsequent addenda thereto, all of which In Deep Services has stipulated are truthful, accurate, and complete. In Deep Services and the Commission have stipulated that these financial disclosures provide the basis for the assets listed in Attachment A to this Order and include material information upon which the Commission relied in negotiating and agreeing to this Order. In Deep Services and the Commission have stipulated that the Commission has relied on the truthfulness, accuracy, and completeness of these financial disclosures in agreeing to the terms of this Order and that the Commission would not have entered into this Order but for the truthfulness, accuracy, and completeness of these financial disclosures;

F.   If, upon motion by the Commission, this Court finds that In Deep Services has failed to disclose any material asset or materially misstated the value of any asset in the financial statement and related documents described above, or has made any other material misstatement or omission in the financial statements and related documents described above, then this Order shall be reopened and suspension of the judgment shall be lifted for the purpose of requiring payment of **Nine Million Forty-two Thousand and Seventy dollars ($9,042,070)**, as set forth in Paragraph A of this Section. *Provided, however*, that in all other respects this Order

shall remain in full force and effect, unless otherwise ordered by the Court;

G. Upon such reinstatement of the monetary judgment, the Court shall make an express determination that the monetary judgment shall be immediately due and payable. The Commission shall be entitled to interest on the judgment, computed from the day of entry of this Order, at the rate prescribed by 18 U.S.C. § 1961, as amended. The Commission shall be permitted to execute on the judgment immediately after the suspension is lifted and engage in discovery in aid of execution;

H. All funds paid to the pursuant to the Order shall be deposited into an account administered by the Commission or its agent to be used for equitable relief, including but not limited to consumer redress, and any attendant expenses for the administration of such equitable relief. In the event that direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to In Deep Services' practices alleged in the Complaint. Any funds not used for such equitable relief shall be deposited to the United States Treasury as disgorgement. In Deep Services shall have no right to challenge the Commission's choice of remedies under this Section. In Deep Services shall have no right to contest the manner of distribution chosen by the Commission;

I. As to all funds paid to the Commission pursuant to this Order, In Deep Services relinquishes all dominion, control, and title to the

funds paid to the fullest extent permitted by law. In Deep Services shall make no claim to or demand return of the funds, directly or indirectly, through counsel or otherwise;

J. In Deep Services agrees that the facts as alleged in the Complaint filed in this action shall be taken as true without further proof in any bankruptcy case or subsequent civil litigation pursued by the Commission to enforce its rights to any payment or money judgment pursuant to this Final Order, including but not limited to a nondischargeability complaint in any bankruptcy case. In Deep Services further has stipulated and agreed that the facts alleged in the Complaint establish all elements necessary to sustain an action pursuant to, and that this Order shall have collateral estoppel effect for purposes of, Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A);

K. Proceedings instituted under this Section are in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law, including any other proceedings the Commission may initiate to enforce this Order;

L. In Deep Services agrees that it will not, whether acting directly or through any corporation, partnership, subsidiary, division, trade name, device, or other entity, submit to any federal or state tax authority any return, amended return, or other official document that takes a deduction for, or seeks a tax refund or other favorable treatment for, any payment by In Deep Services pursuant to this Order. In Deep Services further agrees that it will not seek a credit or refund of any kind for federal or state taxes or penalties for tax years 2007, 2008 and 2009. However, if In Deep Services

otherwise obtains a credit or refund of any federal or state taxes or penalties paid for tax years 2007, 2008 or 2009, then In Deep Services shall promptly remit such amount, together with any interest In Deep Services has earned in connection with any such credit or refund, to the Commission pursuant to the procedure set forth in Section C(5) of this Paragraph.

## VI.

## BAN ON USE OF CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that In Deep Services and its Representatives are permanently restrained and enjoined from:

A. disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), of any person which In Deep Services obtained prior to entry of this Order in connection with the advertising, marketing, promotion, or offering of grant-related products and services;

B. failing to dispose of such customer information in all forms in their possession, custody, or control within thirty (30) days after entry of this Order. Disposal shall be by means that protect against unauthorized access to the customer information, such as by burning, pulverizing, or shredding any papers, and by erasing or destroying any electronic media, to ensure that the customer information cannot practicably be read or reconstructed.

*Provided, however*, that customer information need not be disposed of, and may

be disclosed, to the extent requested by a government agency or required by a law, regulation, or court order. In particular, a copy of the names, addresses and email addresses of customers of In Deep Services for grant-related products and services shall be share with the Commission before the time limit for disposal of the information as outline in VI(B).

## VII.
## COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of (i) monitoring and investigating compliance with any provision of this Order, and (ii) investigating the accuracy of In Deep Services' financial statements upon which the Commission's agreement to this Order is expressly premised:

A. Within ten (10) days of receipt of written notice from a representative of the Commission, In Deep Services shall submit additional written reports, which are true and accurate and sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and provide entry during normal business hours to any business location in possession or direct or indirect control of In Deep Services to inspect the business operation;

B. In addition, the Commission is authorized to use all other lawful means, including but not limited to:

1. obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, 45 and 69;

2. having its representatives pose as consumers to In Deep

Services, its employees, or any other entity managed or controlled in whole or in part by In Deep Services, without the necessity of identification or prior notice; and

C. In Deep Services shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order. The person interviewed may have counsel present.

*Provided however*, that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## VIII.

## COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Order may be monitored:

A. For a period of five (5) years from the date of entry of this Order,

1. In Deep Services shall notify the Commission of any changes in structure of In Deep Services, Inc., or any business entity that it directly or indirectly controls, or has an ownership interest in, that may affect compliance obligations arising under this Order, including but not limited to: incorporation or other organization; a dissolution, assignment, sale, merger, or other action; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject

to this Order; or a change in the business name or address, at least thirty (30) days prior to such change, provided that, with respect to any such change in the business entity about which In Deep Services learns less than thirty (30) days prior to the date such action is to take place, In Deep Services shall notify the Commission as soon as is practicable after obtaining such knowledge.

B.  One hundred eighty (180) days after the date of entry of this Order and annually thereafter for a period of five (5) years, In Deep Services shall provide a written report to the FTC, which is true and accurate and sworn to under penalty of perjury, setting forth in detail the manner and form in which it has complied and is complying with this Order.  This report shall include, but not be limited to:

1.  A copy of the acknowledgment of receipt of this Order, obtained pursuant to the Section titled "Distribution of Order;" and

2.  Any other changes required to be reported under Subsection A of this Section.

C.  In Deep Services shall notify the Commission of the filing of a bankruptcy petition by it within fifteen (15) days of filing.

D.  For the purposes of this Order, In Deep Services shall, unless otherwise directed by the Commission's authorized representatives, send by overnight courier all reports and notifications required by this Order to the Commission, to the following address:

Associate Director for Enforcement

Federal Trade Commission

600 Pennsylvania Avenue, N.W., Room NJ-2122
Washington, D.C. 20580
Re: FTC v. In Deep Services, Inc., Ryan Champion and Joseph C. Fleming IV
Case No.: 5:09-CV-01193-SGL (PJW)

*Provided that*, in lieu of overnight courier, In Deep Services may send such reports or notifications by first-class mail, but only if it contemporaneously sends an electronic version of such report or notification to the Commission at: DEBrief@ftc.gov.

E. For purposes of the compliance reporting and monitoring required by this Order, the Commission is authorized to communicate directly with In Deep Services.

**IX.**

**RECORD KEEPING**

**IT IS FURTHER ORDERED** that, for a period of eight (8) years from the date of entry of this Order, In Deep Services is hereby restrained and enjoined from failing to create and retain the following records:

A. Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

B. Personnel records accurately reflecting: the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

C. Customer files containing the names, addresses, telephone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such

information is obtained in the ordinary course of business;

D.   Complaints and refund requests (whether received directly or indirectly, such as through a third party,) and any responses to those complaints or requests;

E.   Copies of all sales scripts, training materials, advertisements, or other marketing materials; and

F.   All records and documents necessary to demonstrate full compliance with each provision of this Order, including but not limited to, copies of acknowledgments of receipt of this Order required by the Sections titled "Distribution of Order" and "Acknowledgment of Receipt of Order" and all reports submitted to the FTC pursuant to the Section titled "Compliance Reporting."

## X.

## DISTRIBUTION OF ORDER

**IT IS FURTHER ORDERED** that, for a period of five (5) years from the date of entry of this Order, In Deep Services shall deliver copies of the Order as directed below:

A.   In Deep Services must deliver a copy of this Order to: (1) all of its principals, officers, directors, and managers; (2) all of its employees, agents, and representatives who engage in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure set forth in Subsection A of the Section titled "Compliance Reporting."  For current personnel, delivery shall be within five (5) days of service of this Order upon In Deep Services.  For new personnel, delivery shall occur prior to them assuming their responsibilities.  For any business entity

resulting from any change in structure set forth in Subsection A of the Section titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the change in structure.

B. In Deep Services must secure a signed and dated statement acknowledging receipt of this Order within thirty (30) days of delivery, from all persons receiving a copy of this Order pursuant to this Section.

## XI.

## ACKNOWLEDGMENT OF RECEIPT OF ORDER

**IT IS FURTHER ORDERED** that In Deep Services, within five (5) business days of receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

## XII.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

## XIII.

## ENTRY OF ORDER

**IT IS FURTHER ORDERED** that there is no just reason for delay, and the Clerk of Court is hereby directed to enter this Order immediately.

**SO ORDERED,** this 26 day of Oct, 2010, at 8 am., Pacific Standard Time.

[signature]

The Honorable Donald E. Walter
United States District Judge

**Attachment A**

Accounts with Citibank:

*******2659

*******0672

*******2917

*******2933

*******8959

*******6606.

Accounts with Wells Fargo:

*******0395

*******7710

*******6868

*******6767.

Accounts with Bank of America:

*******8526

*******7386.

**Attachment B**

In Deep Services, Inc.,

i. will use its share of the released frozen funds only to pay the tax liabilities described in this Order;

ii. to the extent that In Deep Services does not need part of its share of the frozen funds to pay such tax liabilities, will return that part of the frozen funds to the Federal Trade Commission.

I declare under penalty of perjury that the foregoing is true and correct. Executed on __ day of ______, 2010.

______________________

By : Ryan Champion

Title: ______________________

In Deep Services, Inc.

______________________

Joseph C. Fleming IV

______________________

In Deep Services, Inc.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

24